**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  05-10156-01 MLB |
| | ) | |
| ROGER L. REED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant is charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)  This case comes before the court on the following motions filed by defense counsel:

Motion to Dismiss for Lack of Jurisdiction (Doc. 20); and

Motion to Dismiss Indictment (Doc. 21.)

Also pending are a number of motions that defendant filed pro se, although he has at all relevant times been represented by counsel:

Motion and Amended Motion to Dismiss (Docs. 12, 16);

Motions asking the court to order defense counsel to present various arguments, or otherwise appoint new counsel (Docs. 18, 22); and

Motion to Dismiss for Lack of Jurisdiction (Doc. 23.)

The motions filed by defense counsel, as well as defendant's pro se motions objecting to his counsel's performance are DENIED, and the remainder of defendant's pro se motions are ordered STRICKEN, for reasons set forth herein.

**I.  MOTIONS FILED BY DEFENSE COUNSEL**

In his Motion to Dismiss for Lack of Jurisdiction, defendant argues that section 922(g)(1) is unconstitutional on its face and as applied to him because it does not requires a substantial effect on interstate commerce, and is therefore beyond Congress' authority under the Commerce Clause. (Doc. 20 at 1.) He concedes, as he must, that this argument is foreclosed by binding Tenth Circuit case law. Id. at 2 (citing United States v. Bayles, 310 F.3d 1302, 1307-08 (10th Cir. 2002). This motion is accordingly denied.

Moving to his Motion to Dismiss Indictment (Doc. 21), defendant argues that, although he is a convicted felon, he merely possessed a rifle, which is not prohibited under state law. Id. at 1-2. Continuing, he reasons that section 922(g)(1) only proscribes a felon's possession of a firearm when state law also prohibits felons from possessing that same weapon. Id. at 2. Accordingly, defendant concludes that he cannot be held criminally liable under section 922(g)(1).

In order to sustain a conviction under 18 U.S.C. § 922(g)(1), a convicted felon must be prohibited from possessing the firearm in question by state law. See United States v. Burns, 934 F.2d 1157, 1159-60 (10th Cir. 1991). By contrast, if a convicted felon's right to possess a particular firearm has been restored by state law, he cannot be convicted under section 922(g)(1). See id. Kansas law prohibits a convicted felon from possessing firearms for various lengths of time depending upon the nature of the underlying felony conviction. K.S.A. 21-4204. Defendant failed to address which provision of section 21-4204 applies to him. The government asserts that defendant is subject to a five-year prohibition on possessing a

firearm from the time he was released from prison in 2002.  (Doc. 24 at 3.)  The five-year prohibition is the shortest period applicable to any felon under section 21-4204; thus, the court assumes that is the correct time period.  Since defendant does not challenge his status as a convicted felon, nor does he question whether his possession of the rifle fell within the five-year proscription under section 21-4204, the only issue before the court is whether section 21-4204 prohibits defendant from possessing the firearm at issue here.

Defendant makes the surprising contention that the use of the term "firearm" in section 21-4204 does not encompass a rifle.  (Doc. 21 at 4.)  He begins this argument be noting that a prior version of this statute only prohibited a felon's possession of "a firearm with a barrel less than 12 inches long."  Id. at 2 (citing K.S.A. 1991 Supp. 21-4204).  Indeed, this view of the law was sustained by Judge Theis in United States v. Coffman, 761 F. Supp. 1493 (D. Kan. 1991). However, section 21-4204 was amended in 1995 to remove the reference to barrels less than 12 inches in length, thereby prohibiting a felon from possessing "any firearm" within five years of release from prison.  K.S.A. 21-4204(a)(3).  This language was still in effect at the time of the violation charged in the indictment.

The Kansas legislature provided no definition of the term "firearm."  Based on that fact, defendant argues that this statute is ambiguous because it is unclear whether the term "firearms" includes a rifle.  This argument is laughable.  There can be little doubt that a .243 rifle is a firearm in the traditional sense of the word.  Since the legislature did not choose to impose a special, limiting definition of the term "firearm," that word must be given its natural,

-3-

commonsense meaning.  <u>State v. McAffry</u>, 263 Kan. 521, 523, 949 P.2d 1137, 1139 (1997) ("Statutory language is not to be narrowly or technically construed, but its language should be interpreted to mean what the words imply to persons of common understanding.  Words in common usage are to be given their natural and ordinary meaning in arriving at a proper construction."   (Quotations omitted)). Defendant's arguments to the contrary are rejected, and his motion is accordingly denied.

## II.   MOTIONS FILED BY DEFENDANT <u>PRO SE</u>

In addition to motions filed by defense counsel, defendant filed a number of motions <u>pro se</u>, despite the fact that the court warned him that this practice was prohibited.  A criminal defendant has a right to represent himself, as well as a right to be represented by counsel, <u>Faretta v. California</u>, 422 U.S. 806, 807, 819, 95 S. Ct. 2525, 2527, 2533, 45 L. Ed. 2d 562 (1975); however, he does not have a right to do both at the same time.  <u>United States v. Hill</u>, 526 F.2d 1019, 1024-25 (10th Cir. 1975).  This sort of "hybrid representation" has been proscribed for decades.  <u>See id.</u> Accordingly, with the exception of his motions regarding disputes with defense counsel, defendant's other <u>pro se</u> motions shall be stricken.  (Docs. 12, 16, 23.)

The court will consider the motions objecting to defense counsel's representation in order to ensure that there has not been a complete breakdown in communication that would warrant substitution of counsel, <u>United States v. Lott</u>, 433 F.3d 718, 725 (10th Cir. 2006), and to ensure that defendant is not attempting to assert his right to proceed <u>pro se</u>.  (Docs. 18, 22.)  A review of defendant's motions shows that neither circumstance exists.

In order to determine whether substitution of counsel is warranted, the court considers four factors: "(1) whether the motion for new counsel was timely; (2) [whether defendant has an adequate opportunity to present the reasons for his motion]; (3) whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense; and (4) whether the defendant substantially and unreasonably contributed to the communication breakdown." Lott, 433 F.3d at 725. The court finds that the motion is timely, and that defendant has had an adequate opportunity to explain the reasons for his motions. He wrote two lengthy motions explaining his rationale, one of which incorporated by reference a substantial portion of a third document, a memorandum of law written to support his positions on a separate motion. (Docs. 18, 22 (incorporating by reference parts of Doc. 17).) In these documents he presented an extensive explanation of his views of the law relevant to his case.

Defendant's motion for substitution of counsel (Doc. 22) fails on the third factor. The evidence shows that defendant and his counsel have consulted on how to defend this case (Doc. 22 at 10-11), that defendant has been quite active in helping to formulate his defenses (Docs. 12, 16, 18, 22), and that defense counsel has considered and advocated the only arguably meritorious theories of the case (Docs. 20, 21.) These facts do not suggest that a significant breakdown in communication has occurred between defendant and his counsel. Instead, it appears that defense counsel is doing his job, which is to present meritorious defenses and theories. The only issue is that defendant takes great exception to the fact that defense

-5-

counsel will not do as he is told.  This is not enough to warrant substitution of counsel.

Defendant complains that defense counsel failed to present all the arguments in his motions that defendant wanted presented.  (Docs. 18; 22 at 6.)  However, defense counsel is not required to present every frivolous argument urged by his client.  Instead, counsel is vested with the authority to make strategic decisions about how to present the case which are binding upon defendant.  <u>Faretta</u>, 422 U.S. at 820, 95 S. Ct. at 2534.  Defendant specifically asserts that defense counsel should have raised all the arguments presented in paragraphs 12-18 of Doc. 17.  (Doc. 22 at 6.)  A review of those paragraphs shows that defense counsel did raise all non-frivolous arguments contained therein.  Defendant's additional arguments, such as that a prohibition on his possession of a rifle violates the Thirteenth Amendment's proscription of slavery, are utterly devoid of merit.  Defense counsel properly declined to present these arguments to the court.

Defendant also objects to the fact that defense counsel disclosed controlling authority that was contrary to his position. (<u>See, e.g.,</u> Doc. 21 at 6-7.)  However, the Rules of Professional Conduct require counsel to make such disclosures, KRPC 3.3(a)(3), and the court finds that the authorities cited in defense counsel's brief are indeed contrary to the position he advocated.[1]  Thus, this portion

---

[1] The second case cited by defense counsel, <u>State v. Johnson</u>, 8 Kan. App. 2d 368, 657 P.2d 1139 (1983), is not precisely controlling because it was not issued by the state's highest court.  Nevertheless, <u>Johnson</u> cited Kansas Supreme Court decisions that define the term "firearm" in the same manner as <u>Johnson</u> did, which happens to be contrary to the view advanced by defense counsel.  Therefore, defense

of defendant's objection lacks merit.

Finally, a review of defendant's <u>pro se</u> motions shows that he is not attempting to assert his right of self-representation. In order to assert such a right, defendant must unequivocally state his desire to represent himself. <u>United States v. Floyd</u>, 81 F.3d 1517, 1527 (10th Cir. 1996). In his motions, defendant simply asks the court to make defense counsel do as defendant tells him to do. In the alternative, defendant asks that he be appointed new counsel. (Doc. 22 at 8.) Thus, it is crystal clear that defendant wants the assistance of counsel. He simply wants counsel to surrender his professional judgment, and draft motions to support defendant's incorrect views of the law. Defendant has no right to exert such control over his counsel, and his requests that the court endorse this erroneous tactic are appropriately denied.

IT IS SO ORDERED.

Dated this ___1st___ day of August 2006, at Wichita, Kansas.

s/   Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

counsel was obligated to identify the relevant Kansas Supreme Court decisions. The fact that he did so by citing a single case from the Kansas Court of Appeals that analyzed the relevant controlling authority is of no moment.